UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00120-TBR-LLK

ZAYER ANTONIO ADAMS                                                                    PETITIONER

v.

DeEDRA HART, Warden                                                                    RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1). This matter is before the Court on Petitioner's motion to hold his petition in abeyance pending presentation of additional claims to the state courts, to which Respondent has responded in opposition. (Dockets # 4, 7). The Court referred the matter to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636, for ruling on non-dispositive motions and findings of fact and recommendation on dispositive matters. (Docket # 3). For the reasons below, the Court will DENY the motion without prejudice (Docket # 4).

**The present order is not case-dispositive.**

The undersigned is issuing an order as opposed to submitting a report and recommendation. Generally, without consent of the parties, magistrate judges lack authority to deny motions to hold in abeyance Section 2254 proceedings to allow petitioners to exhaust state-court remedies because such denial can be dispositive of the claims being exhausted in state court. *Mitchell v. Valenzuela*, 791 F.3d 1166, 1167 (9th Cir. 2015); *Bastidas v. Chappell*, 791 F.3d 1155, 1157 (9th Cir. 2015); *see generally* Brian R. Means, Federal Habeas Manual § 9C:70 (2018) ("stay pending exhaustion"). However, the general rule does not apply when the magistrate judge denies a motion to hold in abeyance without prejudice. *See Ceja v. Scribner*, No. LA CV 07-00606-VBF-KES, 2016 WL 3996152, at *6 (C.D. Cal. Jan. 19, 2016) ("While the magistrates in *Mitchell* and *Bastidas* told the petitioners "no," Magistrate Hillman merely told Petitioner to 'try again' by filing a corrected stay motion").

1

**Background facts and procedural history**

Petitioner presents a two-part claim, in his own words, as follows: "The [Kentucky] Supreme Court erred in denying [his] claim that his right to a fair cross-section of jurors [was denied] [1] by randomly selecting juries in Christian County and then [2] destroying records relating to the random selection so [he] cannot collect information necessary to prove a fair cross-section claim." (Petition, Docket # 1, p. 5). Upon direct appeal, the Kentucky Supreme Court held that both parts of the claim are without merit. *Adams v. Commonwealth*, 2016-SC-000627-MR, 2017 WL 6379489 (Ky. Dec. 14, 2017). Petitioner argues that the Kentucky Supreme Court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" as contemplated by 28 U.S.C. § 2254(d)(1). (Docket # 1, p. 6).

In his motion to hold petition in abeyance, Petitioner asserts that he "has multiple issues relative to ineffective assistance of counsel which he wishes to submit to the State trial court pursuant to RCr [Kentucky Rules of Criminal Procedure] 11.42 … [e]specially, the claim of ineffective assistance of counsel that relates to the claim presented in [his petition]." (Docket # 4, p. 1).

**Governing legal standards**

Generally, a district court will not stay a petition containing only fully-exhausted claims. *See Worley v. Bracy*, No. 1:18-cv-00050, 2018 WL 4443137, at *2 (N.D. Ohio July 11, 2018) ("Where a petitioner presents a petition containing only exhausted claims, courts have held that the stay and abeyance procedure is not available"). However, a district court may exercise its discretion to stay such a petition on equitable grounds. *See Andrews v. Horton*, No. 4:18-CV-12686, 2018 WL 4637310, at *1 (E.D. Mich. Sept. 27, 2018) ("A federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts").

In exercising its discretion, a district court should consider whether there is good cause to overcome the presumption that it has a duty to exercise its jurisdiction to decide fully-exhausted claims

2

now (as opposed to waiting and deciding them later, after exhaustion of all claims). In determining whether good cause is present, considerations of federal-state comity and judicial economy dominate. *See Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (A habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 83 (1st Cir. 2002)).

Applying these principles, in *Clinton v. Cook*, No. 2:16-cv-0573, 2017 WL 2775115, at *2 (S.D. Ohio June 27, 2017), the district court stayed the petition, which contained only fully-exhausted claims because a pending post-conviction action in state court "raises multiple claims of ineffective assistance of trial counsel, any one of which has the potential to gain Petitioner a new trial and effectively to moot the federal case." In contrast, in *Worley v. Bracy*, No. 1:18-cv-00050, 2018 WL 4443137, at 42 (N.D. Ohio July 11, 2018), the district court denied the motion to stay, in part, because the petitioner had not shown that his current appeal in state court will "lead to a different result."

### *Rhines v. Weber* is distinguishable.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the petitioner filed a "mixed" petition containing both exhausted and unexhausted claims. The Supreme Court held that the district court should stay, rather than dismiss, the petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The Supreme Court explained that stay (as opposed to dismissal of the entire petition) has the beneficial effect (in many cases) of preserving both exhausted and unexhausted claims for federal review. This is because the 1-year period of limitation established by 28 U.S.C. § 2244(d)(2) is not tolled during the pendency of a federal petition, and the dismissal might have occurred after or close to the end of the 1-year period. *Id.* at 272.

3

"When a petition does not contain any unexhausted claims, however -- as is the case here -- the Court has no discretion to dismiss the petition, but may decide to stay it on equitable grounds." *Clinton v. Cook*, No. 2:16-cv-0573, 2017 WL 2775115, at *1 (S.D. Ohio June 27, 2017). In no event will federal review of exhausted claims be lost.

## Discussion

Petitioner argues that a stay is warranted pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (Docket # 4, p. 2). *Rhines v. Weber* is inapplicable because the present petition raises only fully exhausted claims.

Respondent argues that "when a petition contains only exhausted claims, the petition is not 'mixed' and there is no basis for granting a stay. *Bowling v. Haeberline*, 246 Fed. App'x. 303, 306 (6th Cir. 2007)." (Docket # 7, p. 2). As indicated above, *Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007), explained that a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served."

A district court has the authority to stay a petition containing only fully-exhausted claims on equitable grounds but only if the petitioner is pursuing other claims in state court. Based on his statements, Petitioner has not yet begun to pursue any other claims. He states that he has multiple issues relative to ineffective assistance of counsel which he "wishes" to submit to the state court. (Docket # 4, p. 1). "Currently a legal aide is viewing my trial and discovery videos. It's necessary to review said trial/discovery videos so that he can effectively articulate and present his additional claims on post-conviction." (*Id.*).

## Order

Therefore, Petitioner's motion to hold his petition in abeyance pending presentation of additional claims to the state courts (Docket # 4) is DENIED without prejudice.[1]

October 31, 2018

Lanny King, Magistrate Judge
United States District Court

c:  pro-se Petitioner

---

[1] If, during the pendency of this action, Petitioner files additional claims in state court, he is free to file a new motion to hold his petition in abeyance. However, the pro-se Petitioner is advised that any such motion should be accompanied by an explanation (in light of the factors discussed herein) why the Court should exercise its discretion to stay his petition pending exhaustion of state-court remedies.