UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-120-TBR

ZAYER ANTONIO ADAMS,                                          PETIONER

V

DEEDRA HARD, Warden,                                          RESPONDENT

**MEMORANDUM OPINION ORDER**

This matter is before the Court upon a Motion to Hold Petition in Abeyance filed by Petitioner, Zayer Antonio Adams. (R. 17). The Respondent's time to respond has long since lapsed. Accordingly, this matter is ripe for adjudication. For the reasons discussed below, the Court HEREBY GRANTS Adams's Motion to Hold Petition in Abeyance, (R. 17).

BACKGROUND

Zayer Antonio Adams is an African-American man convicted in the Commonwealth of Kentucky by a Christian County jury of assault, evading police, and unlawful imprisonment. That jury had only one African-American on it.

On August 6, 2018, Adams filed with this court a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Adams raised only one issue in that petition—based on 2010 census data, the jury that convicted him was not drawn from a fair cross section of the of the community as required by the Sixth Amendment. Adams has fully exhausted his state remedies concerning that issue.

On September 24, the Court referred the matter to Magistrate Judge Lanny King for report and recommendation. On October 1, 2018, Adams moved to hold his petition in abeyance

pending exhaustion of additional claims not included in his petition. On October 31, 2018, Magistrate Judge King denied Adams's motion to hold his petition in abeyance because Adams had failed to provide evidence that he was indeed pursuing those additional claims in state court. Three months later, Adams had still not provided the Court with evidence that he had begun the exhaustion process for any additional claims. Consequently, at that time, Magistrate Judge King issued a Finding of Fact Conclusions of Law and Recommendation in which he recommended to this Court that Adams's petition, containing only the one issue of whether the jury was drawn from a fair cross section of the community, be denied.

Ten days later, on January 25, 2019, Adams renewed his motion to hold his petition in abeyance so that he could exhaust additional claims in state court not yet included in his habeas petition. This time, Adams attached to his motion a copy of a state court docket and his own affidavit indicating that he had filed additional claims with the state court. The Respondent has failed to respond to that motion.

DISCUSSION

Adams requests that the Court hold his habeas petition, which contains only a single exhausted claim, in abeyance while he returns to the state courts to exhaust additional claims not yet included in that petition.

It is well settled law that federal district courts may stay fully exhausted habeas petitions while the petitioner exhausts additional claims in the state courts. *See Andrews v. Horton*, No. 4:18-CV-12686, 2018 U.S. Dist. LEXIS 166147, at *2-3 (E.D. Mich. Sep. 27, 2018) (compiling authority). In doing so, the Court must consider the apparent merit of the unexhausted claims and whether the Court would benefit from a state-court ruling on the unexhausted claims. *Thomas v.*

*Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015) (citing *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

Here, the Court is not in a position to evaluate Adams's additional unexhausted claims. As such, the this Court would benefit from the state court's ruling on Adams's additional claims. Furthermore, denying Adams an abeyance and ruling on his petition as it sits before the Court might preclude the consideration of Adams's additional claims in federal court based upon the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2244(d)(1). Such circumstances warrant an abeyance. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). As such, the Court determines that a stay is appropriate pending the exhaustion of Adams's additional claims.

However, "even where a district court determines that a stay is appropriate pending exhaustion, the district court 'should place reasonable time limits on a petitioner's trip to state court and back.' *Horton*, U.S. Dist. LEXIS 166147, at *5 (quoting *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005)). As such, the Court imposes the deadlines enumerated below.

CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Adams's motion, (R. 17), is **GRANTED**. These proceedings are **STAYED**, and the Court will hold in abeyance Adams's habeas petition.

Here, due to the Court's admittedly somewhat sluggish pace in addressing Adams's motion, Adams has already had over six months in which to advance his efforts at the state level. As such, Mr. Adams **SHALL** file with the the Court proof of his state case's status within

**twenty-one (21)** days from the date of this Memorandum Opinion and Order. After Adams completely exhausts his additional claims, he **SHALL** file an **amended petition** that includes those claims within **ninety (90)** days after the conclusion of his state court proceedings. At the same time, Adams **SHALL** file a **motion to lift the stay** imposed herein. If Adams fails to comply in any way, the Court will lift the stay and adjudicate Adams's habeas petition as is, taking into account Magistrate Judge King's current Finding of Fact Conclusions of Law and Recommendation.

To avoid administrative difficulties, the Court **ORDERS the Clerk of Court to CLOSE this case for statistical purposes only**. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**IT IS FURTHER ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

July 8, 2019

cc. Zayer Antonio Adams
    155261
    KENTUCKY STATE PENITENTIARY
    266 Water Street
    Eddyville, KY 42038
    PRO SE

4